UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-169 SNLJ |
| | ) |
| U.S. MARSHALS SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $34, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order plaintiff to submit an amended complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action for deliberate indifference to his serious medical needs. In the amended complaint, plaintiff names the Dunklin County Justice Department, Nicole Green, and Bob Holder as defendants. He seeks injunctive and monetary relief.

Plaintiff fractured bones in his hand on June 12, 2016. He notified defendant Green, who is the Jail Supervisor, and she sent him to see a nurse. He says he was told that the U.S. Marshals Service had to approve his request for medical treatment. On June 30, defendant Holder, the Dunklin County Sheriff, sent plaintiff to see a doctor. The doctor took an X-ray and told plaintiff he needed treatment. The doctor explained that too much time had elapsed between the injury and the X-ray for regular treatment; plaintiff's hand would have to be re-fractured in order to set correctly.

## Discussion

The complaint is frivolous against the Dunklin County Justice Department because municipal departments cannot be held liable under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). In the amended complaint, plaintiff has not explained how defendants Green or Holder caused the delay in receiving medical care. He only alleges that they sent him to get medical treatment. This is insufficient to state a claim for relief under § 1983.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in**

**the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $34 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must complete the form and submit a second amended complaint within thirty (30) days of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice.

Dated this 26th day of July, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).