UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JOHN KELLY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:16-CV-169 SNLJ |
| U.S. MARSHALS SERVICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), the Court must review the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon review, the Court finds that process should issue with regard to defendants Bob Holder and Ned Boyd.

**Standard**

To state a claim for relief under § 1983 and *Bivens*, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

Defendants are Bob Holder, Sheriff of Dunklin County; Nicole Green, Jail Administrator for the Dunklin County Jail; and Ned Boyd, U.S. Marshals Service. Plaintiff alleges that he fractured bones in his hand on June 12, 2016. He notified defendant Green, who told him she would call the U.S. Marshals Service to find out what could be done about the injury.

Nothing was done until June 30, 2016, when defendant Holder took plaintiff to see a doctor. The doctor took an X-ray and told plaintiff he needed treatment. The doctor explained that too much time had elapsed between the injury and the X-ray for regular treatment; plaintiff's hand would have to be re-fractured in order to set correctly.

Holder refused to allow plaintiff to have corrective surgery. Instead, Holder told the doctor to give plaintiff a brace.

Green and Holder contacted defendant Boyd about plaintiff's treatment options. Boyd also refused the doctor's recommended treatment.

**Discussion**

The Court finds that plaintiff's medical mistreatment claims against Holder and Boyd should not be dismissed at this time. Therefore, the Court will direct the Clerk to issue process on these defendants in their individual capacities.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are no allegations

showing that Green withheld medical treatment from plaintiff.  As a result, plaintiff's allegations against her fail to state a claim upon which relief can be granted.

Plaintiff did not specify whether he is suing defendants in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  Furthermore, the United States is immune from suit.  As a result, plaintiff's official-capacity claims fail as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve defendants Bob Holder and Ned Boyd with process.

**IT IS FURTHER ORDERED** that defendant Nicole Green is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 29th day of August, 2016.

                                                /s/ Stephen N. Limbaugh, Jr.
                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE